**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TAMIKA DAVIS-EVANS,

    Plaintiff,                  Civil No. 2:15-CV-12491
                                   HONORABLE ARTHUR J. TARNOW
v.                                UNITED STATES DISTRICT JUDGE

CHIEF DONALD F. PUSSENL, et. al.

    Defendants,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.  Introduction**

Tamika Davis-Evans, ("Plaintiff"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  For the reasons that follow, the complaint is DISMISSED WITHOUT PREJUDICE.

**II.  Standard of Review**

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or

*Davis-Evans v. Pussenl, et. al.,* 2:15-CV-12491

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *See also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 867. *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir.1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff claims that the defendants failed to properly investigate criminal

*Davis-Evans v. Pussenl, et. al.,* 2:15-CV-12491

charges against her in Saginaw Township, Michigan, which lead to her wrongful criminal convictions. Plaintiff seeks monetary damages and the expungement of her convictions from her records. Plaintiff does not specify what charges that she was convicted of, but the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that plaintiff was convicted of attempted forgery, attempted uttering and publishing, several counts of illegal use of a financial transaction device, and larceny in a building, for which she is currently serving a prison sentence.

## IV. Discussion

Plaintiff's complaint is subject to dismissal.

Plaintiff is unable to obtain monetary damages arising from her criminal conviction absent a showing that her criminal conviction had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *See also Alkire v. Irving*, 330 F.3d 802, 816, n. 10 (6th Cir. 2003). Because plaintiff does not allege that her conviction has been overturned, expunged, or called into question by a

*Davis-Evans v. Pussenl, et. al.,* 2:15-CV-12491

writ of habeas corpus, her allegations relating to her criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

To the extent that plaintiff is seeking to have her criminal conviction vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal.  Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  A plaintiff cannot seek injunctive relief relating to his or her criminal conviction in a § 1983 action. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004).  Instead, "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." *Id.*

To the extent that plaintiff is seeking to be released from custody, her action should be filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983.  This Court will not, however, convert the matter to a

4

*Davis-Evans v. Pussenl, et. al.,* 2:15-CV-12491

petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.* This Court cannot treat plaintiff's complaint as an application for habeas corpus relief because the Court has no information that the plaintiff has exhausted her state court remedies, as required by 28 U.S.C. § 2254(b) & (c), to obtain federal habeas relief. *Parker v. Phillips,* 27 Fed. Appx. 491, 494 (6th Cir. 2001). Moreover, any habeas petition would be subject to dismissal because plaintiff has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). Finally, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the

*Davis-Evans v. Pussenl, et. al.,* 2:15-CV-12491

former course of action is not an adjudication on the merits and would allow the prisoner to reassert his or her claims if the conviction or sentence is later invalidated. See *Murphy v. Martin,* 343 F. Supp. 2d at 609. Therefore, because the Court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. See e.g. *Finley v. Densford,* 90 Fed. Appx. 137, 138 (6th Cir. 2004).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the complaint is **DISMISSED WITHOUT PREJUDICE.**

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: August 27, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 27, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant